524 April 2, 2025 No. 307

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL ANTHONY MORRISON,
*Defendant-Appellant.*

Washington County Circuit Court
22CR25157; A181650

Brandon M. Thompson, Judge.

Submitted February 25, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Carla E. Edmondson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

PER CURIAM

Conviction affirmed; portion of judgment imposing probation conditions not announced in open court vacated; remanded for resentencing.

**PER CURIAM**

In this criminal case, defendant appeals from a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010, entered after a jury trial. He assigns error to the trial court's denial of his motion to suppress and to probation conditions imposed in the judgment that were not announced in open court. We conclude that the trial court did not err in denying defendant's motion to suppress but agree with defendant and the state's concession that the trial court erred in imposing probation conditions not announced in open court. We therefore affirm defendant's conviction and reverse defendant's sentence and remand for resentencing.

In his first assignment of error, defendant challenges the trial court's denial of his motion to suppress non-*Mirandized* statements he made to police at the scene of his crashed vehicle, contending that the trial court erred in determining that he was not in compelling circumstances when he voluntarily answered two officers' questions. We have reviewed the record and conclude that the trial court did not err in determining that defendant was not in compelling circumstances at the time he answered the officers' questions; therefore, *Miranda* warnings were not required, and the court did not err in denying defendant's motion to suppress. *State v. Roble-Baker*, 340 Or 631, 638, 136 P3d 22 (2006) (Article I, section 12, of the Oregon Constitution protects a person's right against compelled self-incrimination and requires *Miranda* warnings before the police interrogate a person "who is in full custody or in circumstances that create a setting which judges would and officers should recognize to be compelling." (internal quotation marks omitted)).

In his second through seventh assignments, defendant contends that the trial court erred in sentencing defendant to "enhanced bench probation" and imposing an "alcohol package" without specifying the conditions encompassed by either phrase and then in listing several conditions in the judgment that were not announced in open court. The state concedes that, because the court did not enumerate in open court what probation conditions it would impose, the

court erred by including those terms in the judgment and that the case must be remanded for resentencing. *State v. Priester*, 325 Or App 574, 585, 530 P3d 118, *rev den*, 371 Or 332 (2023) ("A criminal defendant has the right to have their sentence announced in open court."). We agree with and accept the state's concession that the trial court erred in failing to announce defendant's probation conditions in open court, and we therefore remand for resentencing.

Conviction affirmed; portion of judgment imposing probation conditions not announced in open court vacated; remanded for resentencing.